IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                               PLAINTIFF

vs.

NO:4:07 CR 00036 GTE

TIFFANY HEAD                                                                    DEFENDANT

ORDER

Defense counsel in the above-styled cause has commendably filed a motion (DE# 49) to request the court to inquire into a possible conflict of interests that could arise from counsel's continued representation of this client, and his representation of a former client in an unrelated case.

At the hearing held on May 8, 2007 on the motion,[1] the Assistant United States Attorney averred that there is a "high likelihood" of overlapping of information between this case and the case in which defense counsel previously had a client.

It is the obligation of the trial court to avoid a serious potential for conflict as well as to resolve an existing one. The former instance is clearly present here. See *Wheat v. U.S.*, 486 U.S. 153 (1988). Both prudence and discretion dictate that new counsel assume the representation of Ms. Head. Cf. *U.S. v. Lanoue*, 137 F.3d 656 (12t Cir. 1998). This jurist also concludes that the potential conflict *sub judice*, i.e., that counsel's former client might

---

[1] The motion was referred to the undersigned for resolution by the district judge presiding, the Honorable G. Thomas Eisele (DE# 50).

appear as a prosecution witness if the government pursues this case to trial, cannot be waived.

It is therefore ordered that Mr. Jerry Larkowski is relieved and discharged as counsel for Ms. Head in this case, with the thanks of the court. New counsel will be appointed immediately by separate order.

IT IS SO ORDERED this 9th day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE